## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF GEORGIA

| | | |
|---|---|---|
| TOMMY WILLIAMS, | : | |
| PLAINTIFF, | : | |
| VS. | : Case No: | 4:22-cv-102 (CDL) |
| AIR FORCE CHIEF OF STAFF GENERAL | : | |
| CHARLES Q. BROWN, JR. AND THE | : | |
| UNITED STATES AIR FORCE, and JOHN | : | |
| DOES 1-10, INCLUSIVE | : | |
| DEFENDANTS. | : | |

## <u>COMPLAINT AT LAW AND IN EQUITY</u>

AND NOW, comes the Plaintiff, Tommy Williams, by through himself, pro se, to file the instant

complaint and in support thereof avers as follows:

1.  The Plaintiff files the instant complaint against the Defendants pursuant to personal injury

    incurred as a direct and proximate cause of exposure to chemicals while working for the

    Defendants thereby giving rise to the instant action pursuant to the Occupational Safety and

    Health Act of 1970 also know as the Williams Steiger Act.

2.  Despite the clear evidence that the medical ailments the Plaintiff is experiencing is the direct

    and proximate result of exposure to concentrated dioxin based chemicals while working for

    the Defendant, the Defendant has refused to provide proper compensation to the Plaintiff

    under the false and erroneous premise that the ailments are the result of sickle cell.

3.  The Plaintiff avers that the Defendant has wrongfully withheld compensation and benefits

    that the Plaintiff is entitled to as a matter of law despite numerous efforts to resolve the

instant mater without the intervention of court to no avail; thereby giving rise to the instant matter.

4. The Plaintiff is seeking any and all compensatory and punitive damages for each of the claims described herein as well as ~~tray~~ any and all other relief deemed necessary and applicable as prescribed by law.

## JURISDICTION AND VENUE

4. Jurisdiction is founded upon 28 U.S.C§ 1331(federal question0, 5 U.S.C. § 702 (judicial review of agency action), and 5 U.S.C. § 703 (authorizing suits for declaratory and injunctive relief against agency action).

5. Venue is proper in this District because at least one federal officer defendant resides here. See 28 U.S.C. § 1391 €(1)(A). See also 5 U.S.C. § 703 (venue for actions under the Administrative Procedure Act generally properin "a court of competent jurisdiction"). For the same reason, venue is proper in this Division. See 28 U.S.C. § 124(a)(1).

## PARTIES

5. PLAINTIFF- Tommy Williams- is the Plaintiff in the instant matter with an address of 4219 Westfield Court, Columbus GA 31907

6. DEFENDANT- The Air Force Chief of Staff General Charles Q. Brown, J.R. and United States Air Force and John Does 1-10, inclusive- complained of herein- addresses at 1690 Air Force, Pentagon, Washington D.C. 20330-1670 to be amended after full disclosures and discovery made by the Defendant in the instant matter.

## STATEMENT OF FACT

7. The Plaintiff files the instant complaint against the Defendants pursuant to personal injury incurred as a direct and proximate cause of exposure to chemicals while working for the Defendants thereby giving rise to the instant action pursuant to the Occupational Safety and Health Act of 1970 also known as Williams Steiger Act.

8. Despite the clear evidence that the medical ailments the Plaintiff is experiencing is the direct and proximate result of exposure to concentrated dioxin based chemicals while working for the Defendant, the Defendant has refused to provide proper compensation to the Plaintiff under the false and erroneous premise that the ailments are the result of sickle cell trait.

9. The Plaintiff initiated contact with the board in March 1979 for the purpose of substantiating proper restitution for physical defects suffered or aggravated by military service and Application for Correction of Military Records.

10. The medical monitoring required by law should have provided more information than one blank form (encloure1). Six months later the VA rating decision dated Jan 29, 1976 shows disabilities interfering with normal employability (enclosure 2).

11. The Plaintiff has attached evidence titled as AF Form 422 Physical Profile Serial Report dated 9 Jan 75substanting this claim.

12. This form addresses a fractured wrist but the T rating in the Suffix column of this form denotes medical disqualification from service. The U column denotes one or more defects in the upper extremities or medical conditions that may require significant limitations (enclosure 3).

13. AF contends that the Plaintiff was discharged due to expiration of term of service. Form 422 and its stated medical conclusion is purposefully overlooked.

14. AF contends in Board's response dated 1 Mar 1979 that evaluation by the AF and VA found no evidence of lung disease which is erroneous and contradictory to the evidence that exists in the instant matter.

15. The Evidence described as VA Clinical Record dated 11-12-75 (enclosure 4) Reports evidence of residual fibrocalcific disease in the lungs, also know as COPD. In 1999 VA approved it for service connected disability which essentially proved that the initial assessments were incorrect/ fraud/ erroneous/ unsubstantiated.

16. AF contends that there is a fracture of a small bone in the wrist. There is evidence that contradicts this directly.

17. The Navicular is the largest bone in the wrist. It was broken in Jan 1975 and treated with a cast for one week which is an example of substandard medical treatment. It should have been 6-8 weeks of immobility. This lack of adequate treatment necessitated surgical reconstruction with bone graft from the iliac crest in 1977.

18. 14 Jan 75 Clinical Notes from Xray and Hand Clinic (enclosure 5), Notes from Hand Clinic Apr 4, 1975 (enclosure 6), San Antonio VA, Surgical Treatment Record dated 11 July 1975, 12-6 thru 12-12-77 Surgical Treatment Record (enclosure 7) which substantiate the Plaintiff's claim in the instant matter.

19. AF contends that subluxation of patellas with arthritis was a non-serious injury. There is evidence that contradicts this directly.

20. Evidence indicating Quad reconstruction for subluxing patellas was recommended and scheduled until I learned that the surgery was experimental and refused (enclosure 8).

21. AF contends problem with left ankle was arthritis. There is direct evidence that contradicts this claim as well.

22. Evidence identified as Clinical Record dated 11 July 1975 denotes fracture. More significant is complete lack of treatment (enclosure 9).

23. AF contends applicant was an Apprentice Engineer Entomologist who worked around insecticides and pesticides. Evidence contradicts this claim as well.

24. Evidence identified as DD214 states my primary specialty number and title was 56650 Entomology Specialist with a civilian corresponding title of vermin exterminator. This title entails the mixing and dispersal of concentrated chemicals according to labeled instructions in liquid, dust, granule or fog medium (enclosure 10).

25. Medical records dated May 1972, Mar 8, 1973, April 16 and 30, 1973, May 16, 1973, July 17 and 18, 1974, Nov 1, 1974, Dec 9 1974 (enclosures 11-19) substantiate the Plaintiff's claim.

26. While working with chemicals as an Entomology Specialist, Plaintiff was referred to Dermatology for skin rashes. They were a result of the toxic chemicals being absorbed through the skin. Plaintiff's uniform was covered in dust as noted in the enclosure. These rashes are component in diagnosing of Agent Orange exposure to Dioxin based chemicals and are used in AO, burn pit and blue water exams.

27. These factors would automatically establish Agent Orange exposure if I had served in South East Asia instead of South Central Texas.

28. According to the Mayo Clinic: Sickle Cell Anemia is caused by a change in the gene that tells the body to make hemoglobin. Hemoglobin enables the blood cells to carry oxygen from the lungs to the body. When the hemoglobin sickles, it blocks blood from to organs and deprives them of oxygen i.e. chest, abdomen and joints. When the oxygen a person inhales for 2½ years is contaminated with poisonous, toxic fumes, dusts and aerosols there is no chance for a person's cells to receive adequate amounts of oxygen. The enclosure from the

American Association of Clinical Chemistry explains HbC and beta thalassemia in SCD and the problems associated with it that the Plaintiff experienced then and now. In the 1970s SCD was not widely and thoroughly studied since it affected mostly black people.

29. Plaintiff has never stated that "all my siblings had sickle cell trait". I don't know where that statement originated as it was made erroneously by the Defendants. In the 70s newborns were not tested in Alabama for SCD or SCT. That was initiated in the 1980s. Plaintiff does not know if any siblings are affected. All of them were born before 1956.

30. From the outset of work related injury, medical surveillance should have been initiated to identify medical conditions that could lead to occupational disease. Plaintiff was denied my rights under OSHA law: 1. The right to know-the extent and seriousness of exposure. 2. The right to participate in treatment. 3. The right to refuse unsafe work. Each of these rights were infringed upon in the instant matter.

31. According to the Williams Steiger Act, the statute of limitations has not expired if there are strongly extenuating circumstances as well as the continuing torts doctrine and the discovery doctrine.

32. AF contends that they are operating under an AF directive that implements the law. There is evidence that contradicts this directly.

33. OSHA rules are contained in 29 CFR 1910. It states the Medical Surveillance requirements of an OSHA Standard is the recording on the OSHA 300 log. 1904(a). Medical removal cases:  If the removal is the result of a chemical exposure, the removal must be entered on the OSHA 300 log by checking the "poisoning" column. 1904 (b) (1). My case falls under Willful Violation – where an employer demonstrates intentional disregard for the requirements of the act, or indifference to employee safety and health.

34. Hazard evaluation – employer shall identify, evaluate respiratory hazards with estimate of employee exposure to hazards. This was infringed upon by the employer in the instant matter.

35. Evidence identified as AF Forms 422 dated 16 May 73, 4 Nov 74, 9 Dec 74 and 9 Jan 75, Occupational Health Physical dated 26 Nov 1974 shows Plaintiff's ongoing exposure to poisonous chemicals and medical complaints. Only one form exists in Plaintiff's file. It is supposed to be done every six months.

36. The outline and tenet of Defendants' communication is to downplay and minimize the extent of Plaintiff's injuries erroneously, i.e. Apprentice Engineer Entomologist and the Navicular is a small bone in the wrist.

37. Neither then nor now does Plaintiff have a corps of doctors and a board to justify substandard medical treatments in violation of federal law. Plaintiff's studies for a nursing degree were ended because he could not use his right hand and could not stand on the painful broken ankle.

38. Physicians at the VA, not intimated by AF, wrote in 1-23-76 that the disabilities, although individually noncompensable, are considered to interfere with normal employability. The doctors at the Social Administration recognized in 1977 that his ability to function and provide for himself and Plaintiff's family required his right hand.

39. As evidenced in the Report of Medical History dated 11 August 72, Plaintiff's health was evaluated as excellent. In July 75 it was noted as fair.

40. The enclosures are evidence of a history of sub-standard and illegal medical treatment throughout my military service time. If federal law had been observed, Plaintiff would not have languished in the Entomology career field for 2 ½ years and suffered from chemical

poisoning through the decades. Plaintiff should be compensated for these service related injuries.

41. Despite the clear evidence that the medical ailments the Plaintiff is experiencing is the direct and proximate result of exposure to concentrated dioxin chemicals while working for the Defendant, the Defendant has refused to provide proper compensation to the Defendant under the false and erroneous premises.

42. The Plaintiff avers that the Defendant has wrongfully withheld compensation and benefits that the Plaintiff is entitled to as a matter of law despite numerous efforts to resolve the instant matter without the intervention of court to no avail; thereby giving rise to the instant matter.

43. The Plaintiff is seeking any and all compensatory and punitive damages for each of the claims described herein as well as any and all other relief deemed necessary and applicable as prescribed by law.

## COUNT I

## FEDERAL TORT CLAIMS ACT (FTCA) – INJURY FROM EMPLOYMENT

44. Paragraphs 1-43 are hereby referenced and incorporated as if though fully stated herein at length.

45. The Federal Tort Claims Act (FTCA) is highly complex law that allows specific types of lawsuits against a federal government entity and federal employees who have acted within the scope of employment while causing injuries, but certain strict rule must be followed.

46. The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of

their employment, provided that the plaintiff alleges six statutory elements of an actionable claim. See 28 U.S.C. §1346(b).

47. In the instant matter, it is clear that the Plaintiff suffered injuries within the scope of their employment as evidenced extensively in the instant matter thereby entitling the Plaintiff to compensation.

48. However, the Defendants have denied the Plaintiff compensation on the basis of erroneous premises as described herein thereby giving rise to the instant action.

49. Because the wrongful deprivation of entitlements continues through the instant matter, the continuous torts doctrine applies which extends the tolling of the statue of limitations period through the present moment.

50. The enclosures are evidence of a history of sub-standard and illegal medical treatment throughout his military service time. If federal law had been observed, Plaintiff would not have languished in the Entomology career field for 2 ½ years and suffered from the chemical poisoning through the decades. Plaintiff should be compensated for these service related injuries.

51. Despite the clear evidence that the medical ailments the Plaintiff is experiencing are the direct and proximate result of exposure to concentrated dioxin based chemicals while working for the Defendant, the Defendant has refused to provide proper compensation to the Plaintiff under the false and erroneous premises.

52. The Plaintiff avers that the Defendant has wrongfully withheld compensation and benefits that the Plaintiff is entitled to as a matter of law despite numerous efforts to resolve the instant matter without the intervention of court to no avail; thereby giving rise to the instant matter.

53. The Plaintiff Is seeking any and all compensatory and punitive damages for each of the claims described herein as well as any ~~mad~~ *and* all other relief deemed necessary and applicable as prescribed by law.

## COUNT II

### FRAUDULENT MISREPRESENTTION / NEGLIGENT MISREPRESENTATION

54. Paragraphs 1-53 are hereby reference and incorporated as if though fully stated herein at length.

55. The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. See Eastern Motors CO. v. Lavender, supra, p. 52.

56. Under the Georgia law, the tort of negligent misrepresentation consists of 3 elements: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonably reliable upon that false information; and (3) economic injury proximately resulting from such reliance. Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas Inc. GA. 424, 479 S.E.2d 727, 729 (1997).

57. In the instant matter, the Defendants have engaged in numerous misrepresentations, intentionally or non-intentionally notwithstanding, with regards to the records and status of the Plaintiff in the instant matter.

58. These misrepresentations were material with regards to the applicability of benefits and compensation of the Plaintiff in the instant matter which invokes negligent misrepresentations were made intentionally.

59. The Defendants have denied the Plaintiff compensation on the basis of erroneous premises as described herein thereby giving rise to the instant action.

60. Because the wrongful deprivation of entitlements continues through the instant matter, the continuous torts doctrine applies which extends the tolling of the statute of limitations period through the present moment.

61. Despite the clear evidence that the medical ailments the Plaintiff is experiencing are the direct and proximate results of exposure to concentrated dioxin based chemicals while working for the Defendant, the Defendant has refused to provide proper compensation to the Plaintiff under the false and erroneous premises.

62. The Plaintiff avers that the Defendant has wrongfully withheld compensations and benefits that the Plaintiff is entitled to as a matter of law despite numerous efforts to resolve the instant matter without the intervention of court to no avail; thereby giving rise to the instant matter.

63. The Plaintiff is seeing any and all compensatory and punitive damages for each of the claims described herein as well as any and all other relief deemed necessary and applicable as prescribed by law.

## COUNT III

## MEDICAL MALPRACTICE

64. Paragraphs 1-53 are hereby reference and incorporated as if though fully stated herein at length.

65. To establish medical malpractice (also known as medical negligence), a plaintiff must prove that the healthcare provider failed to exercise the degree of care and skill ordinarily employed by the healthcare profession under similar conditions and lie circumstances, and that this

failure caused the claimed injury. Smith v. Finch 682 S.E.2d 147 (GA. 2009); Breyne v.

Potter, 574 S.E.2d 916 (Ga. App. 2002).

66. A malpractice claim has three basic elements: (1) the duty inherent in the doctor-patient

relationship; (2) a breach of that duty by failing to exercise the requisite degree of skill and

care; and (3) that this failure caused the plaintiff's injury. Knight v. Roberts, 730 S.E.2d 78

(GA. App. 2012).

67. In the instant matter, the various medical professional in the instant matter working for the

Defendant and Veterans Affairs engaged in a doctor-patient relationship with the Defendant

and failed to exercise the requisite degree of skill and care in the evaluation of the Plaintiff

which caused injury to the Plaintiff in the form of preventing the Plaintiff from receiving

compensation he was entitled to thereby rise to the instant claim for compensation against the

Defendants in the instant matter.

68. The Plaintiff is seeking any and all compensatory and punitive damages for each of the

claims described herein as well as nay and all other relief deemed necessary and applicable

as prescribed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter a

judgement in favor of the Plaintiff as follows:

1. DECLARATORY RELIEF in favor of the Plaintiff

2. COMPENSATORY DAMAGES FOR RIGHTS VIOLATION

3. PUNITIVE DAMAGES AS APPLICABLE

4. INJUCTIVE RELIEF AS NECESSARY

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all matters disputed in the instant matter.

~~Dated: May 10, 2022~~                        Respectfully Submitted,
*June 24, 2022*


*Jemmy Williams*
42 19 Westfield Ct.
Columbus, GA 31901
706-332-2783